

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| AMY E. STUBBS,                             § | |
|         Plaintiff,                    § | |
| vs.                                                § | CIVIL ACTION NO. 6:20-3606-MGL-KFM |
|                                                § | |
| KILOLO KIJAKAZI, Acting Commissioner of § | |
| Social Security,                              § | |
|         Defendant.                  § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff Amy Stubbs (Stubbs) seeks judicial review of the final decision of the Social Security Commissioner (the Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI). Although Defendant Kilolo Kijakazi is the current Acting Commissioner of Social Security, Andrew M. Saul (Saul) was the Commissioner when Stubbs's benefits claims were denied.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Commissioner's final decision be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 2, 2021; Stubbs filed her objections on September 15, 2021; the Commissioner filed a reply to the objections on September 27, 2021; Stubbs filed her supplemental brief on October 26, 2021, which, for purposes of this Order, the Court will construe as a supplemental objection; the Commissioner responded on November 2, 2021; and Stubbs replied on November 10, 2021. The Court has reviewed all of Stubbs's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Stubbs filed her application for DIB and SSI on May 3, 2018. She contends her disability commenced on January 1, 2013. The Commissioner denied her claims initially and upon reconsideration.

On December 3, 2018, Stubbs requested a hearing before an Administrative Law Judge (ALJ). The ALJ conducted a hearing on November 14, 2019. After the hearing, the ALJ determined Stubbs had the following severe impairments: complex regional pain syndrome, obesity, degenerative disc disease of the cervical and lumbar spine, extensive fractures and degenerative changes of the feet status-post multiple surgical repairs, anxiety, depression, and post-traumatic stress disorder. Nevertheless, in the ALJ's December 31, 2019, decision, he held Stubbs was not disabled under the Social Security Act.

The Appeals Council denied Stubbs's request for review of the ALJ's decision on September 17, 2020. Stubbs then filed this action for judicial review with the Court.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from

2

returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he"fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical

3

bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Stubbs's offers just two specific objections to the Report. In the first, she contends the Magistrate Judge erred in failing to address her argument concerning the unconstitutionality of the decision of February 23, 2022 denying her claims for benefits. She developed the constitutionality argument in her supplemental objection.

The gist of Stubbs's objection appears to be that, because the ALJ who adjudicated her claims served under the authority of Saul, who enjoyed unconstitutional removal protection, the ALJ's denial of her claims is unconstitutional. Stubbs primarily relies on *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 207 (2020), and *Collins v. Yellen*, 141 S. Ct. 1761, 210 (2021) for her argument.

In *Seila Law*, the Supreme Court held that the Consumer Financial Protection Bureau's (CFPB) removal structure, which allowed the CFPB director to be removed by the President only for "inefficiency, neglect of duty, or malfeasance of office," 12 U.S.C. § 5491(c)(3), violated the separation of powers doctrine by insulating the director from removal by the President. *Id*. at 2197.

4

Inasmuch as 42 U.S.C. § 902(a)(3), the statute governing the Commissioner of Social Security's removal, contains a similar restriction on the President's ability to remove the Commissioner except for cause, Stubbs contends § 902(a)(3) also violates the separation of powers doctrine.

In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court considered a similar statute governing removal of Directors of the Federal Housing Finance Agency (FHFA). In that case, the Supreme Court held that "[a]lthough the statute unconstitutionally limited the President's authority to remove the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA [ ] as void." *Id*. at 1787 (emphasis omitted). "Settled precedent also confirms that the unlawfulness of [a] removal provision does not strip the Director of the power to undertake the other responsibilities of his office[.]" *Id*. at 1788, n.23.

To obtain reversal of an agency decision, a plaintiff would need to demonstrate "compensable harm" flowing from the unconstitutional removal clause. *See id*. at 1788–89 (remanding for further proceedings to determine whether compensable harm to the plaintiff occurred due to the President's inability to remove a Director of the FHFA except for cause).

In this instance, Stubbs has failed to make any showing of any possible compensable harm flowing from § 902(a)(3). Nor is it likely she could do so, inasmuch as the President's choice of Social Security Commissioner has little to no impact on any particular ALJ's or Appeals Council's decision. *Cf. Collins*, 141 S. Ct. at 1802 (Kagan, J. concurring) ("[G]iven the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone. . . . When an agency decision would not capture a President's attention, his removal authority could not make a difference.").

Courts in the Fourth Circuit are in one accord that the allegedly unconstitutional nature of § 902(a)(3), standing alone, is an insufficient basis to require remand. *See, e.g.*, *Pepper v. Kijakazi*, Civil Action No. 6:20-cv-4159-CMC, 2022 WL 391577, at *2 (D.S.C. Feb. 9, 2022); *Helms v.*

*Comm'r of Soc. Sec.*, No. 3:20-cv-00589-MOC, 2021 WL 5710096, at *2–3 (W.D.N.C. Dec. 1, 2021); *Robinson v. Kijakazi*, No. 1:20-cv-00358-KDB, 2021 WL 4998397, at *3 (W.D.N.C. Oct. 27, 2021).

And, as the Ninth Circuit recently held, when "there is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions[,] . . . nothing commands [the Court] to vacate the decisions below on that ground." *Decker Coal Company v. Pehringer*, 8 F.4th 1123, 1138 (9th Cir. 2021).  Consequently, the Court will overrule this objection.

In Stubbs's second objection, she argues the Magistrate Judge erred in concluding the ALJ properly evaluated Stubbs's complex regional pain syndrome (CRPS).  According to Stubbs, the ALJ failed to include a meaningful discussion of Stubbs's CRPS, and such "[f]ailure . . . is reversible error."  Objections at 4.

This is the same argument Stubbs made to the Magistrate Judge.  And, over the span of five-and-a-half pages in the Report, he rejected it.  *See* Report at 5-10.  Inasmuch as the Court agrees with the Magistrate Judge's comprehensive and well-reasoned analysis of this issue, it need not repeat the discussion here.

Suffice it to say, like the Magistrate Judge, the Court

> is unpersuaded by [Stubbs's] argument that the ALJ did not include a meaningful discussion of her CRPS.  Indeed, the ALJ's discussion of the record evidence demonstrates that he followed [the relevant regulation] by considering the entire record, which is sizeable, when the objective evidence did not substantiate [Stubbs's] testimony regarding the intensity, persistence, and functionally limiting effects of [her] pain and other symptoms.  The ALJ included restrictions in the RFC to account for [her] pain and degenerative changes in her cervical and lumbar spine and feet, and he specifically noted that he had considered the complexity of her CRPS in determining the RFC.

Report at 9-10 (citation omitted) (footnote omitted).  And, as the Court noted above, its "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter."  *Hackett*, 395 F.3d at 1173.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Stubbs was not disabled under the Act during the relevant time period and the ALJ's decision is free from any reversible legal error.  Further, the determination is reasonable.  Accordingly, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Stubbs's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's final decision denying Stubbs's DIB and SSI claims is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 24th day of February, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE